# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:03-474-24-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Cephus Pierce, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the return of $9,226.00 in currency seized and administratively forfeited to the government.

The defendant pled guilty to a charge of conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine. On March 10, 2004, the Court sentenced the defendant to 124 months imprisonment followed by 5 years of supervised release. The Court entered judgment on March 12, 2004. The defendant did not appeal the conviction and sentence.

On October 16, 2006, the defendant filed this *pro se* motion for return of the currency. On October 16, 2006, the government responded to the motion. This matter is ready for disposition.

The government seized the currency pursuant to 21 U.S.C. § 881(a), (b), and (d). No claims were filed for the currency. Consequently, pursuant to 19 U.S.C. §§ 1607 and 1609, the currency was administratively forfeited to the government without judicial involvement.

Because the defendant did not contest the administrative forfeiture by timely filing a claim for the currency, the Court only has jurisdiction to determine whether the defendant received adequate notice of the seizure. *See* Ibarra v. United States, 120 F.3d 472, 475-476 (4th

Cir. 1997)(citing with approval Linarez v. Department of Justice, 2 F.3d 208, 211-212 (7th Cir. 1993)) and United States v. Minor, 228 F.3d 352, 356 (4th Cir. 2000)(a court has federal question jurisdiction to determine if notice to claimant was adequate).

The government presents a declaration that notice of the seizure was sent to all known parties who may have had a legal or possessory interest in the currency.  The defendant does not contend that he either did not receive notice of the seizure or that he filed a timely claim.

Accordingly, the Court denies the motion.


**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 23, 2007
Charleston, South Carolina